# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LISA MYERS-MARTIN,

        Plaintiff,

        v.                                                   Civil Action No.2:10-cv-127

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On November 12, 2010, Lisa Myers-Martin (hereinafter "Plaintiff"), filed a complaint under 42 U.S.C. § 405(g) and an Application for Leave to Proceed in forma pauperis.[1]

Plaintiff's application reveals her sources of income for the past twelve months to be as follows: $1,200 from Plaintiff's employment and $24,400 from Plaintiff's spouse's employment. Plaintiff expects to receive $600 from employment next month, while Plaintiff's spouse is expected to receive $1,200 from employment next month.

Plaintiff was last employed at a coffee shop in Martinsburg, West Virginia during the months of July and August of 2010 making $650/month. It is unclear if Plaintiff's spouse is currently employed, however, Plaintiff's spouse's monthly pay was $1,400 from Quad Graphics located in Martinsburg, West Virginia. Plaintiff and her spouse also have $500 in a checking account.

Plaintiff and her spouse own property. Plaintiff represents the total property value of her home is $289,000. Plaintiff and her spouse also own three motor vehicles: a 2000 Ford Ranger

---

[1] Dkt. Nos. 1 & 2, respectively.

valued at $3,000, a 1997 Chevrolet pick-up valued at $2,500, and a 1998 car valued at $6,500. Plaintiff does not contend she is owed money nor does any individual rely on Plaintiff or her spouse for support.

Plaintiff estimates her average monthly expenses to be $1,500. The substance of Plaintiff's monthly expenses are as follows: $350 in utilities, $450 in food, $20 in clothing, $20 in laundry, $60 in medical and dental expenses, $100 in transportation, $300 in insurance, and $40 in installment payments for a Chase credit card. Plaintiff also lists certain yearly expenses: $2,500/year in real estate taxes, $1,300/year in property insurance and $90/year in motor vehicle insurance. Plaintiff states "we are still trying to get enough together for property taxes," and that "friends help with food." See Pl.'s Appl., Pg. 5 (Dkt. 2). Plaintiff does not expect any major changes to either her monthly income or expenses or in her assets or liabilities during the next 12 months.

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or from any other individual." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008) (emphasis added). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993) (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'")

Based on the information provided in Plaintiff's application, the Court finds Plaintiff can

afford to pay the $350 filing fee. While one need not be "absolutely destitute" to proceed IFP, ...IFP need not be granted where one can pay or give security for the costs "and still be able to provide for himself and dependents with the necessities of life." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85 (1948) (quotations omitted). While Plaintiff's income is not large, it allows Plaintiff some discretionary spending money. Additionally, Plaintiff owns three motor vehicles, and her home which are substantially valued. Therefore, the Court finds Plaintiff has sufficient resources to pay for her filing fees.

Accordingly, it is **RECOMMENDED** Plaintiff's November 12, 2010 Application to Proceed Without Prepayment of Fees be **DENIED**, and Plaintiff be ordered to pay the full filing fee.

Plaintiff may file with the Clerk of Court, within fourteen (14) days from the date of this Report and Recommendation, written objections identifying those portions of the Report and Recommendation to which objection is made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to counsel of record herein.

**IT IS SO ORDERED.**
DATED: November 18, 2010                    /s/ *James E. Seibert*
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE